UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJID ABDOFARA,

    Plaintiff,

v.

    Case No. 24-12017
    Hon. Jonathan J.C. Grey

WAYNE COUNTY
SHERIFF'S OFFICE, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 26)

Before the Court is pro se Plaintiff Majid Abdofara's pleading titled "Objections to Opinion and Order." (ECF No. 26.) Because Abdofara objects to this Court's previous order (ECF No. 21), as opposed to a report and recommendation, the Court treats this pleading as a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h).

For the reasons stated below, the Court **DENIES** the motion for reconsideration.

## I. BACKGROUND

On October 21, 2024, Abdofara filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 13.) The complaint named the Wayne County Sheriff's Office, Naphcare, Inc., Wayne County Sheriff Raphael Washington, Chief of Jails and Courts Robert Dunlap, Hearing Officer Pamela Rose, Hearing Investigator/Grievance Coordinator Antony Boyer, Deputies N. Farrah and Haston, Sergeants Cook and Miller, Captain Twinn, Compliance Director Cierra Crawford, Commander Ramirez, the Wayne County Jail, Dentist Roxanne Pryor, and an unidentified Librarian Clerk as defendants (collectively "Wayne County defendants"). (*Id.*)

On August 1, 2025, the Court partially dismissed numerous claims alleged in the amended complaint, including, but not limited to, the claims against the Wayne County Sheriff's Office, Dunlap, Miller, Crawford, Ramirez, Washington, Boyer, and all the official capacity claims against the Wayne County defendants, except Cook and Twinn. (ECF No. 21.) This motion for reconsideration followed.

## II. LEGAL STANDARD

Eastern District of Michigan Local Rule 7.1(h) provides, in relevant part:

(h) Motions for Rehearing or Reconsideration.

\* \* \* \* \*

(2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

To succeed on a motion for reconsideration, the movant "must show that the Court made a mistake *based on the record before it* and rectifying the mistake would change the outcome." *Dassault Systèmes, SA v. Childress*, 828 F. App'x 229, 236–237 (6th Cir. 2020) (citation omitted and emphasis added). "A party may not utilize a motion for reconsideration to introduce new legal theories for the first time, to raise legal

argumentation which could have been heard during the pendency of the previous motion, *or to present evidence that could have been adduced during the pendency of the original motion.*" *Id.* at 237 (citations omitted and emphasis added). "[A]bsent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited." *In re Greektown Holdings, LLC*, 728 F.3d 567, 575 (6th Cir. 2013) (citation and internal quotation marks omitted).

### III. ANALYSIS

Abdofara raises three "objections," which the Court treats as his basis for reconsideration. E.D. Mich. LR 7.1(h)(2). The Court analyzes each in turn.

#### A. "Objection #1"

Abdofara first requests reinstatement of his claims against Dunlap, Miller, Crawford, Ramirez, Washington, and the Wayne County Sheriff's Office. (ECF No. 26, PageID.210–214.) In support, Abdofara attempts to supplement the record with factual allegations that, without evidence to the contrary, were seemingly known to him upon filing the amended complaint.

4

A motion for reconsideration may *not* be used to introduce new allegations or evidence that could have previously been presented. *Dassault Systèmes*, 828 F. App'x at 237. Rather, the Court must analyze whether it made a mistake "based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2)(A).

Abdorafa does not argue that the Court made a mistake based on the then-existent record. Instead, he improperly asserts new allegations not previously before the Court. Presented with no legal basis for reconsideration, the Court **DENIES** Abdofara's request to reinstate his claims against Dunlap, Miller Crawford, Ramirez, Washington, and the Wayne County Sheriff's Office.

B. "Objection #2"

Abdofara next requests reinstatement of his disciplinary proceeding claims against Rose and Boyer. (ECF No. 26, PageID.214.)

As to Boyer, Abdofara, again, premises his request on additional allegations not previously stated in the amended complaint but which were presumably known to him at the time he filed the amended complaint. He offers no basis for his failure to include these new

5

allegations. Thus, for the same reasons stated above, the Court **DENIES** Abdofara's request to reinstate Boyer.

As to Rose, the Court previously found that Abdofara sufficiently stated a violation of due process claim against Rose, thus allowing the claim to remain in action. (ECF No. 21, PageID.179.) Accordingly, the Court **DENIES AS MOOT** Abdofara's request to reinstate Rose.

### C. "Objection #3"

Finally, Abdofara requests reinstatement of his official capacity claims against Rose and Boyer. As a basis for his request, Abdofara, again, asserts allegations not previously before the Court and offers no excuse for his failure to include these new allegations. Thus, for the reasons previously stated, the Court **DENIES** Abdofara's request to reinstate his official capacity claims against Rose and Boyer.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Abdofara's motion for reconsideration.

**SO ORDERED.**

Date: December 18, 2025

s/Jonathan J.C. Grey
Hon. Jonathan J.C. Grey
United States District Judge

<u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

<u>s/ S. Osorio</u>
Sandra Osorio
Case Manager